IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANTHONY HILL-GAINES,<br><br>    Defendant. | 8:22-CR-47<br><br>**ORDER** |

  This matter is before the Court to conduct an initial review of Anthony Hill-Gaines's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 363. Hill-Gaines raises two grounds for habeas relief, both related to ineffective assistance of counsel. Filing 363 at 4–6. The Court will order the Government to respond to Hill-Gaines's Motion.

          **I.  BACKGROUND**

  On May 16, 2023, Hill-Gaines and the Government entered into a plea agreement made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Filing 244 at 7. Pursuant to this agreement, Hill-Gaines agreed to plead guilty to Count II of the Indictment, which charged him with conspiracy to violate federal firearm laws, in violation of 18 U.S.C. § 924(o). Filing 1 at 2; Filing 244 at 1, 7. In exchange, the Government agreed to dismiss Counts I and IV of the Indictment, which charged Hill-Gaines with drug conspiracy and using and maintaining a drug-involved premises, respectively. Filing 1 at 1, 3; Filing 244 at 1. The Rule 11(c)(1)(C) plea agreement further provided that Hill-Gaines "shall be sentenced to 90 months of imprisonment." Filing 244 at 3. A separate provision of the plea agreement—which appeared immediately above his signature—certified that Hill-Gaines had read the agreement, that he discussed its terms with his counsel, and that he fully understood its meaning and effect. Filing 244 at 7.

1

Prior to his change of plea hearing, Hill-Gaines also completed a Petition to Enter a Plea of Guilty. Filing 243. In this Petition, Hill-Gaines marked "Yes" next to the following question:

> Do you understand that the judge may accept or reject your plea agreement? If the judge rejects your plea agreement, you may withdraw your guilty plea. If the judge accepts your plea agreement, the judge must follow its terms. That is, the judge must impose any specific sentence or apply the sentencing range, specific Sentencing Guidelines provisions, policy statements, or sentencing factors agreed upon by you and the government in the plea agreement. Your sentence will follow the terms of the agreement, which may be the same, greater or lesser than the sentence you would have received had you pleaded not guilty and had been convicted by a jury.

Filing 243 at 3.

During the change of plea hearing, Hill-Gaines acknowledged that he had entered into "an 11(c)(1)(C) for 90 months." Filing 280 at 2–3. Later on, counsel for the Government reiterated that the plea agreement had been "made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties agree[d] that Mr. Hill-Gaines shall be sentenced to 90 months imprisonment." Filing 280 at 12. The Magistrate Judge asked Hill-Gaines whether the Government's recitation of the agreement comported with his understanding of it. Filing 280 at 13. Hill-Gaines responded, under oath, "Yes, Your Honor." Filing 280 at 13. For his part, Hill-Gaines's counsel noted for the record that he and Hill-Gaines went over both the Petition to Enter a Plea of Guilty and the plea agreement "at the same time[.]" Filing 280 at 14. Hill-Gaines was asked whether his counsel's recitation was correct, and he again responded, "Yes, Your Honor." Filing 280 at 14. Hill-Gaines also assured the Magistrate Judge that he had read the plea agreement before he signed it, that he understood it, and that if he had any questions about it those questions were answered by his attorney to his satisfaction. Filing 280 at 15. Hill-Gaines further affirmed that there were no other agreements between him and the Government, and that he was satisfied with the representation he received from his defense counsel. Filing 280 at 15–16.

Based upon the Court's *de novo* review of the record and the transcript of the change of plea hearing, the undersigned accepted the Defendant's plea of guilty on June 20, 2023. Filing 286. A Revised Presentence Investigation Report was completed in advance of sentencing. Filing 308. At various points throughout the Revised Presentence Investigation Report, it notes that the Defendant's plea agreement required a sentence of 90 months' imprisonment. *See* Filing 308 at 5 (¶12), 6 (¶22), 19 (¶117). At the sentencing hearing on August 17, 2023, the Court accepted Hill-Gaines's Rule 11(c)(1)(C) plea agreement and sentenced him in accordance with its terms. Filing 310 (Text Minute Entry); Filing 316 at 1–3. The Court formally entered Judgment on August 21, 2023. Filing 316 at 1.

Hill-Gaines did not file an appeal with the United States Court of Appeals for the Eighth Circuit.[1] However, he did timely file the present § 2255 Motion with this Court on July 25, 2024. Filing 363. Hill-Gaines brings forth two claims of ineffective assistance of counsel. Filing 363. In his first ineffective assistance allegation, Hill-Gaines asserts that he was "misled" by his counsel "into taking a plea for 90 months." Filing 363 at 4. Specifically, he asserts the following:

> Counsel Wilson. Told me that my sentencing guidelines Are 24-30 months. However, I notice in my plea that is says 90 months. My Lawyer (Wilson) told me not to worry about the 90 months that it's just procedures that the court have to do And that they can't go over my guidelines which are 24-30 months.

Filing 363 at 4 (sic throughout).

In his second ineffective assistance allegation, Hill-Gaines asserts that his attorney failed to file a notice of appeal. Filing 363 at 5. Specifically, he asserts the following:

> After sentencing I told my lawyer that they still gave me 90 months After him telling me they wouldn't And that I didn't want to sign for that And I want to Appeal because this is not what he told me I would receive. He told me "He would handle it." but has not file An Appeal up til this present date.

---

[1] Hill-Gaines's plea agreement contained an appeal waiver provision. Filing 244 at 4–5. The Magistrate Judge discussed this appeal-waiver provision with him at the change of plea hearing. Filing 280 at 8–9. Hill-Gaines acknowledged his understanding of this provision at that time. Filing 280 at 9.

3

Filing 363 at 5. (sic throughout). Hill-Gaines's Motion also asserts, "Lawyer said 'He would Appeal'" and "Lawyer said he would take care of it." Filing 363 at 6–7. Hill-Gaines asks that the Court hold an evidentiary hearing, vacate his sentence, and remand the matter. Filing 363 at 12.

## II. ANALYSIS

### A. Applicable Standards

Hill-Gaines brings his Motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 143 S. Ct. 1857, 1865 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks omitted) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011))). Relief under § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear*, 644 F.3d at 704).

The judge receiving a § 2255 motion to vacate must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rules 4(b) and 8(a) of the Rules Governing Section 2255 Proceedings.

4

A court cannot accept a petitioner's allegations as true if "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016).

### B. Discussion

The Court harbors serious doubts as to the veracity of Hill-Gaines's first ineffective assistance of counsel claim, particularly given his repeated assurances at the change of plea hearing that he both read and understood the terms of his Rule 11(c)(1)(C) plea agreement. The representations he made "during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (quoting *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997)). The assertion that Hill-Gaines's counsel told him "not to worry about" the 90-month term of imprisonment set forth in his Rule 11(c)(1)(C) plea agreement because "it's just procedures that the court have to do" (sic) and that he could not receive a sentence over his guideline range, borders on the incredible.

Nevertheless, the Court concludes that it is appropriate for the Government to formally respond to Hill-Gaines's Motion. Putting aside Hill-Gaines's first allegation of ineffective assistance of counsel, it is necessary for the Government to respond to Hill-Gaines's second allegation of ineffective assistance of counsel regardless. In his second allegation, Hill-Gaines claims that he instructed his counsel to file an appeal, but his counsel failed to do so. If this allegation were true, it would constitute ineffective assistance of counsel. *See United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("[F]ailure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel . . . [e]ven if the client waived his right to appeal as part of a plea agreement."); *Witthar v. United States*, 793 F.3d 920, 922 (8th Cir. 2015)

5

("An attorney's failure to file a request appeal automatically satisfies the deficient performance prong of *Strickland* because it is 'professionally unreasonable' . . . No showing of prejudice is required in this unique circumstance."). Hill-Gaines's Motion suggests that the issue he sought to appeal was the fact that he received a 90-month sentence rather than a sentence within his advisory guideline range. [Filing 363 at 5](Filing 363 at 5). Therefore, his second ineffective assistance of counsel claim is interwoven with his first ineffective assistance of counsel claim. Under these circumstances, the Court concludes that the most prudent course of action is to have the Government respond to both ineffective assistance of counsel claims, notwithstanding the Court's skepticism as to the allegations Hill-Gaines makes with respect to his first claim. Accordingly,

IT IS ORDERED: The Government shall respond to both allegations of ineffective assistance of counsel that Hill-Gaines raises in his § 2255 Motion within twenty-one (21) days of the date of this Order.

Dated this 2nd day of August, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge